HOWARD PRIESTLY *et al.*, Plaintiffs in Error, *v.* THE NORTHERN INDIANA AND CHICAGO RAILROAD COMPANY, Defendant in Error.

#### ERROR TO COOK.

In an action against a common carrier, for not delivering machinery transported by it, in proper time, the measure of damages is the value of the use of the machinery during the period of improper detention.   Under proper notice and averments, specific damages might be recovered.

THIS was an action in case ; the declaration contained six counts.

The fifth count states, that on the 20th February, 1854, defendants being common carriers for hire, of goods, etc., and plaintiffs being at that time engaged in the business of manufacture of sash, scroll-work, etc., plaintiffs delivered to defendants, at Toledo, three boxes of machines, to be used in said manufacture, viz., machines for morticing, tennoning, planing, scroll-saws, etc., of the value of $2,000, which the defendants accepted, to be carried to Chicago, to be delivered to plaintiffs in a reasonable time thereafter, for hire.

That the goods arrived at Chicago on the 28th March, 1854, at defendants' depot, of which defendants had notice ; yet defendants, in violation of their duty, did not deliver said goods

to plaintiffs within a reasonable time thereafter, nor notify them that the goods had come, for three months after they had come, whereby plaintiffs incurred loss and damages, made several journeys to Toledo, Cleveland, Buffalo and Boston, etc., in looking for said goods, spending $500; $1,000 for the loss of said machines in their business; $1,000 for stoppage of business, caused by non-delivery of said machines; $2,000 loss, loss of time of twenty-five workmen, kept idle three months.

The sixth count was similar, and alleged the damages as follows: That by the said non-delivery of said goods, beside the expense of journeying as above, they lost the use of said machines in their business; the use and profit of their capital employed in their business, etc., viz., $5,000 for three months; were thereby prevented from carrying on said business for that time, from making profits therefrom, viz., $5,000. Loss of workmen's time and wages as in fifth count.

The other counts were substantially the same, only varying in some respects the statement of the damages.

Plea, not guilty. Trial by jury.

The plaintiffs recovered one dollar as damages.

The proof showed that the plaintiffs built a factory in the spring of 1854, for the making of windows, blinds, sash, door and scroll work; that they had several contracts for building and finishing houses; that the plaintiffs had purchased the requisite machinery for this work, to be placed in the factory. That the machinery arrived in Chicago over the road of the defendants, in the latter part of March, and although frequently inquired after at the warehouse of defendants, it was not delivered to the plaintiffs until the latter part of May. That plaintiffs were obliged to abandon the contracts entered into by them; that they had workmen engaged, but had no employment for them; that the factory stood still, waiting for this machinery. Defendants showed that the boxes containing the machinery in question, were marked F. R. Gray, and that notice of the arrival of the boxes was given to that address, through the post office, in proper time.

A. W. WINDETT, for Plaintiffs in Error.

GLOVER, COOK & CAMPBELL, and BLODGETT & WINSTON, for Defendant in Error.

BREESE, J. The question in this case, arises upon the instructions given by the Circuit Court, on the trial, to which plaintiffs excepted. The court, after giving certain instructions for the plaintiffs, and refusing others, gave, of its own motion, the following:

Priestly et al. v. Northern Indiana and Chicago Railroad Co.

"If the jury find for plaintiffs, the true and only measure of damages is the difference in the market value of the machinery in question, in Chicago, at the time it arrived, and the time when it should have arrived; and if the jury shall find no evidence on this subject has been given, from which any judgment can be formed, the plaintiffs are entitled to nominal damages only."

The fourth instruction given on motion of the defendants, is but a corrollary from this one volunteered by the court, and the decision upon that, disposes of both. The principle announced by the court, in its instruction, and which determined the case, the jury finding nominal damages only, is not the law. The proposition cannot be entertained for a moment, that under a contract to deliver, in a reasonable time, valuable machinery, such as described in the declaration, that the difference in the market value of such machinery, at the time it was, in fact, delivered, and when it should have been delivered, is all the damage the owner of the machinery is entitled to claim. If this was the measure, there could be no great incentive to carriers to perform, promptly, a contract for the delivery of such articles, as they are not liable to deteriorate in a few days or months. As to perishable articles of fluctuating value, as grain, live stock, and such like, this rule is doubtless the true one, and has been recognized by this court, in the case of the *Sangamon and Morgan County R. R. Co.* v. *Henry*, 14 Ill. 156.

Where the property to be carried and delivered is not of a perishable nature, and is not a common or ordinary object of sale in market, and subject to its fluctuations, but is designed for a special purpose in a special business, the rule is very different, but in both cases, adequate indemnity should be offered the plaintiff for the loss he has sustained. In the first class of cases, the rule established in the case of the *S. & M. R. R. Co.* v. *Henry*, affords such indemnity. In the other class, the true rule is laid down in *Green, Adm'r of Stadden*, v. *Mann*, 11 Ill. 613, which was an action for a failure to put certain additional machinery into a mill, which the plaintiff had rented of the defendant's intestate. This court say, "the true measure of damages in this case, was the value of the use of that portion of the machinery which Stadden had contracted to furnish, and which, by reason of his failure to do, Mann was unable to enjoy."

In this case, the inquiry should have been, what was the value of the use of such machinery in such a factory, for the time it was detained? In other words, what was a reasonable rent for it? For what sum could plaintiffs have hired equal machinery of that description?

As this is an action on the case for a wrong done, had the plaintiffs notified the defendants for what purpose they designed the machinery, and the circumstances of their necessities, they might have brought forward other topics and elements of damage, such as they attempted to show on the trial—that a large number of hands were, of necessity, under pay and idle—loss of promised custom, out of which profits would have been made. In the absence of notice, proof of this kind was properly rejected.

If, also, the plaintiff had alleged in his declaration, that he had made valuable contracts, to be executed with this machinery, which would have yielded him profits, the jury, though they would not be bound to adopt any specific contract that may have been made, yet, if reasonable evidence is given, that the amount of profit would have been made, as claimed, the damages might be assessed accordingly. Per Baron Alderson, in *Waters* v. *Towers*, 20 Eng. L. & Eq. R., 412.

For the errors we have noticed, the judgment of the Circuit Court is reversed, and the cause remanded for further proceedings, not inconsistent with this opinion.

*Judgment reversed.*