SCHRODER v. CRARY, County Judge.

1. CERTIORARI: RETURN.   Recitals in the return of a County Judge to a writ of certiorari, which are in no manner contradicted, will be taken as true.

2. EVIDENCE OF PUBLICATION. The publication of notice of a petition filed in proceedings for the removal of a county seat may be shown otherwise than by affidavit; and when in a return to a writ of certiorari the county judge alleges that such publication was made, it will be considered by the Supreme Court as duly established until the evidence touching the matter is presented in such manner that its sufficiency can be considered.

3. EVIDENCE. The appellate court cannot review the finding of the court below upon a question of fact when the evidence upon which such finding was made is not presented in the record.

*Appeal from Dubuque District Court.*

TUESDAY, APRIL 23.

*J. O. Crosby,* for the appellant.

*E. Odell* for the appellee.

WRIGHT, J.—The plaintiff presented his petition to the District Court of Clayton county, praying the writ of *certiorari* directed to the county judge, to certify to said court certain proceedings had before him in relation to the removal of the county seat of said county. He responded to the writ, when the venue was by consent changed to Dubuque County. In that court the action of the county judge was affirmed, from which plaintiff appeals.

In the court below the cause was heard alone on the return of the county judge, and we have therefore only to inquire whether his return discloses error in his proceedings, such as should set them aside. The case as thus considered is divested of many of the questions presented by counsel, and especially unencumbered by many matters of fact which have been urged upon our attention. The return states that the petition presented praying a vote on the subject of removing the the county seat was signed by one-half of the legal voters of said county as shown by the preceding census, and this being in no manner contradicted, is to be taken as true. So also it is stated in the return that twenty day's notice of the presentation of said petition was given by one publication in

Schroder v. Crary, County Judge.

the columns of a weekly newspaper, (naming it,) published in said county, as shown by the copy of said paper introduced in evidence, which allegation remains undenied. It is true that in an amended return, the judge states that no affidavit was filed showing such publication, nor was this strictly necessary. It was for the judge to be satisfied that such publication had been made, and when he returns that the notice was given, it must be taken as duly and properly established, until the evidence upon the subject is brought to our attention, that we may judge of its sufficiency. It was not necessary that his return should set forth the proof made. If it did however, and it appeared to be insufficient to establish the publication of such notice, the proceeding would be set aside upon the ground that until given as required by law, he would have no power to entertain the petition. Not so however where such evidence is not before us.

Again, it was urged before the county court that many names signed to the petition were not voters within the meaning of the law, (Art 2, Ch. 21, Rev. 1860,) and that such names being omitted, one half of all the qualified voters did not petition for the change. The return states that certain affidavits, as also the preceding census return, and the records of the Clerk of the District Court, were offered in evidence upon this subject, but what affidavits, or what the records and census return showed does not appear. Affidavits are found in the record, but whether those and only those presented to the county court is not shown. And the record is entirely silent as to the nature and character of the other evidence offered.

We thus conclude that the order of the court below must be affirmed, without inquiring whether the District or this court could review any of the evidence offered on the hearing before the inferior tribunal, or anything else than those questions which relate to the regularity of the proceedings on matters of law, arising upon the face of the record.

Judgment affirmed.