ST. LOUIS, I. M. & S. R'Y CO. v. A. C. L. HINDSMAN.

(No. 1273, R. Book No. 4, p. 161.)

APPEAL from Tarrant County.  Opinion by WILLSON, J.

§ 204. *Railroad's liability for damages in failing to deliver goods within reasonable time.* The suit was for damages for the unreasonable and grossly negligent delay of the railroad in delivering to plaintiff a trunk and its contents, shipped from Little Rock, Ark., to Gordon, Tex., by the plaintiff, who procured at Little Rock a ticket for herself and a check for the trunk. On the trial plaintiff recovered a judgment for actual damages, $180.50, and for exemplary damages, $100.

§ 205. *Joint and several liability of railroads whose lines are connecting ones.* Where the lines of two railroads are connecting lines, are operated in conjunction with each other, recognize each other's passenger tickets and baggage checks, such roads are jointly liable for the proper transportation and delivery of baggage checked over the lines of their road. [T. & P. R. R. Co. v. Ferguson, Commissioners of Appeals, Austin Term, 1882.]

§ 206. *Measure of damage for delay in delivery.* Where goods, as in this case, are not intended for sale at the point of their destination, but are intended for the owner's own personal use, the carrier is not responsible or liable for depreciation in market value by reason of delay, but in the absence of special circumstances is liable only for the value of the use of such property during the delay. [Hutchinson on Carriers, § 776; Benton v. Fay, 64 Ill. 417; Priestly v. The R. R. 26 Ill. 205; Green v. Williams, 45 Ill. 206.]

§ 207. *Damages for lost baggage.* A party is not entitled, as part of his damages, to the necessary expenses incurred in searching for his baggage; right to such damages is expressly denied in T. & P. R'y Co. v. Ferguson. [Commissioners of Appeals, Austin Term, 1882.]

§ **208.** *Exemplary as distinguished from actual damages, with reference to joint and several liability.* The rule with regard to damages on account of negligence must be restricted to the company actually guilty of the negligence for which the damages are sought. In other words, while there is a joint liability of the companies for *actual* damages, the liability for *exemplary* damages must be confined to the defendant guilty of the tort for which the damages are awarded. [Field on Damages, sec. 84.]

October 28, 1882. Reversed and remanded.