## YAZOO & M. V. R. Co. *v.* COX.

[74 South. 779, Division A.].

DAMAGES. *Proximate and remote.*

Where half of a car load of staves piled along the right of way for shipment was burned by a railroad, the owner could not recover for the half not burned where it was not shown that the burned staves could not be replaced, nor that the plaintiff could not have realized on the unburned staves if loaded and shipped as a half car load or otherwise disposed of.

APPEAL from the circuit court of Wilkinson county. HON. R. E. JACKSON, Judge.

Suit by J. A. Cox against the Yazoo & Mississippi Valley Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

114 Miss.—4

*Mayes, Wells, May & Sanders,* for appellant.

In this declaration the defendant makes the novel claim, that he being the owner of one thousand five hundred staves, had seven hundred of them destroyed by fire, and thereby sustained a loss equalling the value of the entire lot of staves, because he was unable subsequently to sell those which were not injured by the fire, and the lower court seems to have agreed with the plaintiff as to the measure of his damages.

The value of this lot of staves was a matter in dispute and upon this question the evidence was conflicting. The plaintiff maintained that the staves were of high grade and quality, and were of the value of fifteen cents each. A disinterested and competent witness for the defendant testified that the staves were of inferior grade and quality and were not worth more than five to six cents each.

At all events the value of fifteen cents each was the maximum value of the staves as shown by the testimony of any witness, and the proof showed that only seven hundred of them were burned. More than one half the entire lot were not burned or damaged intrinsically in any respect by the fire so far as the evidence in the record discloses. In this state of the case the defendant requested the court to limit by instruction number 4 the right of the plaintiff to recover more than the maximum value of the staves destroyed together with legal interest on the value from the date of the injury. This the court below refused to do and thereby committed manifest error.

It appears to be absurd to contend that one who is the owner of one thousand five hundred staves of the maximum value of fifteen cents each, who suffers the loss of less than one-half of them would thereby reasonably or necessarily also suffer the loss of the greater part of his property which had not been destroyed or injured. The plaintiff maintains that after the fire he was unable to

sell that part of the staves which suffered no injury, and for that reason the value of all the property was destroyed. There is nothing in the testimony to show that he could have sold the staves at fifteen cents each if the fire had never occurred. If the testimony of disinterested witnesses is to be believed he never could have sold them for more than five or six cents each because of their inferior quality.

The fundamental and cardinal principle of the law of damages is that the injured party shall have compensation for the injury sustained. *Culver* v. *Hill*, 68 Ala. 66, —— Am. Rep. 134; *Breqwter* v. *Van Liew*, 119 Ill. 554, 59 Am. Rep. 823; *Trustees, Harvard College* v. *Turner*, 17 Ala. 429, 46 Am. Rep, 326; *Priestly* v. *R. R.*, 26 Ill. 205, 79 Am. Dec. 369; *Railroad* v. *Instrument Co.*, 85 Pac. 408, 6 L. R. A. (N. S.), 1058; *Seely* v. *Alden*, 61 Penn. State 302, 100 Am. Dec. 642, and note.

The damages recoverable in any case must be susceptible of ascertainment with a reasonable degree of certainty, and uncertainty, contingent or speculative damages cannot be recovered, either in actions *ex contractu* or in actions *ex delicto*. 1 L. R. A. 842, 17 L. R. A. 804.

It is another fundamental rule that one who is injured in his person or property by the wrongful or negligent act of another, whether as the result of a tort or of a breach of contract, is bound to exercise reasonable care to avoid loss, or to minimize the resulting damage.

It is manifest in this record that the plaintiff simply abandoned that part of his property which was not destroyed upon the mistaken idea that he could do so and recover the value thereof from the defendant. When personal property is lost or destroyed by the wrongful act of another, the owner is entitled to recover such an amount as will compensate him for the actual pecuniary loss sustained. Ordinarily the measure of damages for the loss or destruction of property is its market value, if it has a market value, the rule and the authorities on

the matter under consideration are fully considered and discussed in the comparatively recent case of *Austin* v. *Milspaugh,* 90 Miss. 354, 43 So. 305.

If it be conceded that plaintiff suffered the loss of seven hundred staves by the negligence of the defendant, we submit that when it was established by the plaintiff himself that the market value thereof, with legal interest from the date of the loss. The failure or inability of the plaintiff to subsequently sell the property which was not injured could not be said to have been the proximate result of the loss by fire of similar property owned by him, and such a claim is too remote and speculative to receive the consideration of any fairminded court.

*Bramlett & Bramlett,* for appellee.

The third and final reason assigned by appellant for the reversal of this cause, is as follows: "Third, for the error of the court below in refusing to instruct the jury that under the evidence the full measure of plaintiff's right of recovery was the value of the seven hundred staves destroyed at fifteen cents each together with six per cent. interest from the date of the loss."

Counsel for appellant employ some very strong language in expressing their indignation with regard to the above reason. To quote counsel: "It appears to be absurd to contend that one who is the owner of one thousand five hundred staves of the maximum value of fifteen cents each, who suffers the loss of less than one-half of them, would thereby reasonably or necessarily also suffer the loss of the greater part of his property which had not been destroyed or injured." And counsel suggests that the eminent judge of the court below must have also agreed with plaintiff with regard to this "absurdity." It is certainly strange that appellant now in the supreme court should suddenly discover that this claim for appellee's property destroyed by appel-

lant is so "novel" and "absurd." The declaration was based on this claim for damages; the evidence sustains the declaration, and the testimony is positive and clear as to the entire one thousand five hundred staves being rendered worthless, and appellant in the lower court did not attempt to rebut this evidence, and did not introduce one solitary witness to show how novel and absurd this claim was. The declaration contains the following averment:

"That of the one thousand five hundred staves seven hundred were totally destroyed by the said fire and the remainder were rendered valueless, because being so much less than a carload there was no market for same and no purchaser could be induced to handle same because of this fact, although plaintiff left nothing undone to sell them, nor could plaintiff in any other way restore the remaining staves to their value before the said fire, to accomplish which plaintiff did everything in his power."

With this averment in the declaration it remained to be seen whether or not plaintiff could make out his case. Plaintiff not only made out his case, but appellant made no effort to contradict the testimony in this regard. On page 4, Record, Mr. Cox, appellee, was asked: "Q. What did you do with the rest of the staves? A. Not anything. Q. Did you try to sell them? A. I did, but could not because it was less than a car. Q. State whether or not the market value was destroyed. A. Yes, sir."

And the evidence stands uncontradicted nor did appellant attempt to contradict it. And if this claim was so novel as to the rest of the staves being worthless and absurd, why did not counsel for appellant introduce testimony or at least one witness to prove its extravagant assertions? Because, appellant knows that any witness it would have introduced would have testified just as Mr. Cox did, such loss not to be the proximate result of

the loss by fire and counsel asserts such a claim is too remote and speculative.

To receive the consideration of any fair-minded court. In *I. C. R. Co.* v. *Thomas, supra,* the railroad company as in this case, of course contended: "There is no evidence from which the jury could infer that the fire was set out by appellant's train, and second, that the setting out of the fire was not the proximate cause of appellee's injury." On this proposition, Justice SMITH said:

"It is not necessary that appellant's negligence should have been the sole proximate cause of appellee's injury in order that it may be liable for damages resulting therefrom, and if authority be desired for the holding that the setting out of the fire was a proximate cause of appellee's injury, it can be found in *Railroad Co.* v. *Siler,* 229 Ill. 390, 82 N. E. 362, 15 L. R. A. (N. S.) 819, 11 Ann. Cas. 368; *Liming* v. *Railroad Co.,* 81 Iowa 246, 47 N. W. 66; *Telephone Co.* v. *Woodham,* 99 Miss. 318, 54 So. 890; and *Railroad Co.* v. *Smith,* 103 Miss. 150, 60 So. 73." We submit that the judgment of the lower court should be affirmed.

HOLDEN, J., delivered the opinion of the court.

This suit is appealed from the circuit court of Wilkinson county, where the appellee, J. A. Cox, sued and obtained judgment for one hundred and fifty dollars, damages, against the appellant railroad company, on account of the alleged negligence of the railroad in setting fire to and destroying one thousand five hundred staves located at a switch along the appellant's railway track in the town of Centerville.

It appears from the record here that the appellee, J. A. Cox, had stacked one thousand five hundred staves on the railroad right of way for the purpose of selling or shipping them; that the staves were valued at from six cents to fifteen cents apiece. The circumstantial

proof, and the testimony of the section foreman, shows that the fire was set out by one of appellant's locomotives, and communicated to the staves, and seven hundred of the one thousand five hundred were totally destroyed, and the remaining eight hundred staves were not damaged; the section foreman having saved the eight hundred by removing them away from the other seven hundred that were destroyed by fire.

The appellant railroad company assigns several grounds of error, but we do not think there is any merit in any of the contentions presented, except one; and that is, the appellant contends that no recovery can be had by the appellee except for the actual value of the seven hundred staves destroyed by fire. The plaintiff below testified that, while only seven hundred of the staves were actually destroyed by fire, the other eight hundred were rendered valueless, "because, being so much less than a carload, there was no market for the same." It appears that the appellee recovered a judgment on a basis of the loss of the entire one thousand five hundred staves, at ten cents each, and the appellant urges that this was 'wrong', and that the lower court erred in refusing instruction No. 4, which reads as follows:

"That if they find for the plaintiff, they can only find for the value of the seven hundred staves burned, with six per cent. interest from date of burning of staves."

We think this assignment of error is well grounded and must reverse the judgment of the lower court. The law is well settled that the recovery of damages in this character of case is limited to the pecuniary compensation for the actual injuries sustained. *Culver* v. *Hill,* 68 Ala. 66, 44 Am. Rep. 134; *Brewster* v. *Van Liew,* 119 Ill. 554, 8 N. E. 842, 59 Am. Rep. 823; *Trustees Howard College* v. *Turner,* 71 Ala. 429, 46 Am. Rep. 326; *Priestly* v. *Railroad,* 26 Ill. 205, 79 Am. Dec. 369; *Railroad* v. *Implement Co.,* 73 Kan. 295, 85 Pac. 408, 87 Pac. 80, 6 L. R. A. (N. S.) 1058, 117 Am. St. Rep. 468, 9 Ann.

Cas. 790; *Seely* v. *Alden,* 61 Pa. 302, 100 Am. Dec. 642, and note. The fact that the destruction of seven hundred of the one thousand five hundred staves reduced the total number to less than a carload would not necessarily destroy the value of the remaining eight hundred staves. It is nowhere shown that seven hundred new staves could not have been supplied so as to bring the number up to one thousand five hundred, which seems to be a carload. Nor does it appear from this record that the plaintiff could not have realized upon the remaining eight hundred staves if loaded and shipped as a half carload, or otherwise disposed of. We think the damage here claimed for the eight hundred staves, which were not destroyed, was not the natural result flowing from the destruction of the seven hundred staves, but the connection, or basis of the claim, is too remote; and no recovery can be had against the railroad company for damages which were not proximately caused by it, and which would not reasonably and proximately follow from the act of negligence. Therefore we do not think that the appellant railroad is liable for damages for the eight hundred staves that were not destroyed by fire, but that a verdict for the reasonable value of the seven hundred staves destroyed by fire would have been correct and proper. *Culver* v. *Hill, supra.*

The jury by their verdict evidently valued the staves at ten cents each; and, unless the appellee shall enter a remittitur here, reducing the judgment to seventy dollars and six per cent. interest from date of fire, the judgment of the lower court will be reversed, and the case remanded; if remittitur is entered, it will be affirmed.

Reversed, unless remittitur to seventy dollars is entered here.

*Reversed.*