(77 South. 423)

BROTHERS v. ILLINOIS CENT. R. CO.
(6 Div. 40.)

(Court of Appeals of Alabama. Nov. 13, 1917. Rehearing Denied Dec. 18, 1917.)

CARRIERS ⊆⇒105(1)—DELAY IN TRANSPORTATION—DAMAGES.

Measure of damages for delay in transportation of valuable machinery, lost profits not being recoverable because of the carrier not having notice, is the rental value.

Appeal from City Court of Birmingham; John H. Miller, Judge.

Action by I. S. Brothers against the Illinois Central Railroad Company for damages for failure to promptly deliver a gin outfit. From a judgment in favor of the plaintiff, awarding nominal damages, plaintiff appeals. Reversed and remanded.

Horace C. Wilkinson and G. R. Harsh, both of Birmingham, for appellant. Percy, Benners & Burr, of Birmingham, for appellee.

SAMFORD, J. This is the second appeal in this case. Ill. Central R. R. Co. v. Brothers, 12 Ala. App. 351, 67 South. 628. On that appeal, based upon the facts as they then appeared, this court correctly held:

First. "Ordinarily, the measure of damages for the breach of a contract are those which are the natural consequences of the breach, and which may be reasonably deemed to have been in the contemplation of the parties to the contract; but loss of profits in a business where the data are uncertain, and damages which cannot

be supposed to have been contemplated by the parties, are not recoverable."

Second. "The delivery to a carrier of a cotton gin at or about the time the ginning season would begin, for shipment to a party residing in the cotton belt is not notice to the carrier that such party would engage in the ginning business in such sense as to entitle the consignee to recover for loss of business offered between the time when the gin should have been delivered and the time it actually was delivered."

The present appeal presents the case in a somewhat different aspect. For the purposes of this appeal, the following may be said to be the facts:

The Illinois Central Railroad Company received from the Gullett Gin Company at Gullett, La., a point within the cotton belt, a complete cotton gin outfit, loaded in a single car, freight prepaid, and consigned to I. S. Brothers, Tumlin Gap, Ala. The car containing this shipment, after an unreasonable delay of nearly one month, during the cotton ginning season was delivered to the Louisville & Nashville Railroad Company, a connecting carrier, at New Orleans, La., agreeably to the bill of lading. The complaint alleges, and the plaintiff offered to show, special damages by way of lost profits, etc., to which the defendant objected, and the court, following the rulings of this court, sustained the objections, and declined to permit the plaintiff to make such proof. In these rulings the trial court did not err. Ill. Central Railroad Co. v. Brothers, supra.

The plaintiff in his complaint claimed and offered to prove the value of the use of the machinery during the delay—i. e., its rental value. The defendant objected to this, the court sustained the objection, and the plaintiff then and there seasonably and legally reserved his exceptions, and this ruling of the court is presented for review.

It is a basic principle of the law that every wrong has a remedy, and it is the policy of the law, wherever possible, to render such remedy adequate. In other words, the law attempts at all times to give a substance rather than a shadow. It was said in Hadley v. Baxendale, L. R. 9, Exch. 341, which appears to be the earliest case on the subject, and which has been followed since that time, that:

"Where two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered either arising naturally, i. e., according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract as the probable result of the breach of it."

In the instant case, the plaintiff is admittedly entitled to recover from the defendant for a breach of duty, but by reason of the fact that at the time of the shipment, the defendant did not have notice either by direct information or by being in possession of facts and circumstances which would have put it on notice, the plaintiff cannot recover for lost profits or for lost business, or things of that kind, but the defendant had notice of the kind and character of the shipment, and the plaintiff is entitled to compensatory damages for the delay, if it can be proven. The rule laid down in cases of this kind, as stated in Ruling Case Law, is:

"The usual compensatory damages recoverable for failure promptly to deliver machinery is the value of the use of the machinery during the delay—i. e., its rental value." 4 R. C. L. 939.

In the case of Priestly v. Northern Indiana & Chicago R. R. Co., 26 Ill. 205, 79 Am. Dec. 369, the judge, in discussing the measure of damages for a failure to deliver machinery within a reasonable time, said:

"The principle announced by the court, in its instruction, and which determined the case, the jury finding nominal damages only, is not the law. The proposition cannot be entertained for a moment, that under a contract to deliver, in a reasonable time, valuable machinery, such as described in the declaration, that the difference in the market value of such machinery, at the time it was in fact delivered, and when it should have been delivered, is all the damage the owner of the machinery is entitled to claim. If this was the measure, there could be no great incentive to the carrier to perform promptly a contract for the delivery of such machinery as that are not liable to deteriorate in a few days or months. As to perishable articles of fluctuating value, such as grain, live stock, etc., this rule is doubtless the true one, and has been recognized by this court" in several cases.

In the Priestly Case, supra, the court said:

"In this case, the inquiry should have been, What was the value of the use of such machinery in such a factory, for the time it was detained? In other words, what was a reasonable rent for it?"

This opinion seems to us to state the true rule as applied to the facts in this case, and to be based upon the broad principles of justice. We therefore conclude, based upon the authorities cited, that under the facts in this case, the measure of damages would be the value of the use of the machinery during the delay—i. e., its rental value.

By reason of the rulings of the lower court in conflict with the foregoing opinion, the judgment is reversed, and the cause is remanded.

Reversed and remanded.