THE SANGAMON AND MORGAN RAILROAD Co., Appellants, *v.* JESSE HENRY, Appellee.

### APPEAL FROM MORGAN.

On a contract to deliver hogs at a particular place, within a certain time, in case of failure to perform, the measure of damages is the difference in their value at such place, at the time of actual delivery, and their market value at the time of delivery fixed by the contract.

The owner of the hogs may recover for any injury to them occasioned by detention, or for care and expense bestowed upon them, either during transit or after their arrival at their destination, if occasioned by such detention.

Carriers of freight are liable in damages, for a failure to deliver it at the point of destination, within the time fixed by the contract.

THE opinion of the court furnishes a statement of the case.

The cause was tried before WOODSON, Judge, and a jury, at March term, 1852.

S. T. LOGAN and D. A. SMITH, for appellants.

M. McCONNEL, for appellee.

TRUMBULL, J. This was an action of trespass on the case upon promises, brought by the appellee against the appellants as common carriers, for a failure to deliver a lot of hogs at Naples, in pursuance of their undertaking. Plea, non-assumpsit. Jury trial and verdict for the plaintiff for one hundred and ninety-six dollars and twenty-nine cents. The record shows that the appellants received the hogs of appellee on board of their cars at Jacksonville, on the 5th of December, 1850, about eleven o'clock in the morning, to be taken to Naples that day; that the appellee intended taking the hogs to St. Louis to mar-

ket; that a steamboat was waiting at Naples for stock on the 5th of December, and remained till nine o'clock at night, when she left for St. Louis; that the cars, owing to freezing of connection pipes, want of water, low steam, and overloading, were delayed, and did not reach Naples till the next day; that the hogs were left in the cars on the road the night of the 5th of December; that the night was cold, and the hogs were injured by cold and confinement in the cars; that the Illinois River was closed by ice about the 5th of December, and the boat which left that evening was the last boat which passed from Naples to St. Louis for some weeks; that the appellee was put to expense in feeding and taking care of his hogs at Naples, and finally sold them at that place, at a less price than he could have obtained in St. Louis, had they been delivered at Naples in time to have them shipped on the boat which left on the evening of the 5th of December.

A number of instructions to the jury were asked, some of which were given and others refused, which raise the question of the proper measure of damages in the case, and that is the important question to be decided. The appellants contend, that the plaintiff is only entitled to recover the decrease, if any, in the value of his hogs, occasioned by their being detained on the way between Jacksonville and Naples; for the labor, care, and expense bestowed upon them while on the way, that may have been occasioned by detention of the hogs; and any decline in their price or value, at the time of delivery in Naples, after the time they would have been delivered, if the cars had arrived at the usual hour on the 5th of December, 1850; while the appellee insists that he is entitled to recover all damages arising out of the keeping and feeding said hogs, their shrinkage, or the necessity he was under of selling the same at a lower price where they were put off the cars by the appellants, than he could otherwise have got in St. Louis, if they had been delivered at Naples as agreed upon, and in time to have been taken down the river, and so the court in substance instructed the jury.

The contract of the appellants was to deliver the hogs at Naples, and they had nothing to do with their subsequent transportation to St. Louis. The true measure of damages, as it respects the price of the hogs, is the difference between their value at Naples at the time they were actually delivered, and their market value at the same place, at the time they would have arrived there, if carried according to the contract. Sedgwick on the Measure of Damages, 370–373; Brandt v. Bowlby, 2 Barn. & Adol. 932. The appellee is also entitled to recover

for any injury to the hogs, occasioned by their being detained on the way, and for any care and expense that may have been bestowed upon them while on the way or after their arrival, and which was occasioned by such detention.

What the appellee could have got for his hogs in St. Louis, at the time they would have arrived there, had they been shipped on the steamboat which left Naples on the evening of December 5th, is immaterial; except so far as it is a circumstance to show the value of hogs at Naples at the same time.

There is no evidence in the record that the appellee had contracted the hogs in St. Louis, at any particular price, or that he would have sold them when they arrived there. The appellants were carriers of freight no further than Naples, and they can only be made responsible for a failure to deliver it at that point.

So far as the appellants were concerned, Naples was the destination of the hogs, and had they wholly failed to deliver them, the measure of damages would have been their value at that point; as they did deliver them, and they were received by the appellee, but not within the contract time, the appellants are liable for the loss necessarily sustained by the appellee in consequence of not receiving the hogs at the time agreed upon. The difference between the value of the hogs at the time they did arrive at Naples, and their value, that is to say, what the appellee could have sold or purchased a like lot for at that place, at the time they should have arrived, is the only necessary loss which the appellee sustained in the price of his hogs; and is, therefore, with the expense he was put to in consequence of the detention, the true measure of damages.

Judgment reversed and cause remanded.

*Judgment reversed.*