THOMAS H. WESTON & als. *versus* GRAND TRUNK RAILWAY COMPANY.

In an action against a common carrier for damages in not seasonably transporting flour, the decline in its market value between the time when it actually arrived at its place of destination, and when, in the exercise of proper diligence on the part of the carrier, it might have so arrived, is a material element proper for the consideration of the jury in ascertaining the actual damages sustained by the shipper.

ON EXCEPTIONS.

CASE, to recover damages for alleged unjustifiable delay in the transportation of flour. The count in the writ contained an allegation that, during the time of such delay, "the market value of said flour fell and depreciated a very great amount, which said amount, by reason of such detention, was wholly lost to the plaintiffs."

The remaining facts sufficiently appear in the opinion.

*P. Barnes*, for the defendants, cited

*Wilbert* v. *N. Y. & E. R. R. Co.* 19 Barb., 36; *Jones* v. *N. Y. & E. R. R. Co.*, 29 Barb., 633; *Conger* v. *Hudson River R. R. Co.*, 6 Duer, 375; *Smeed* v. *Ford*, 1 E. & E., 602; *Merrill* v. *Dixey*, 14 Louisiana, 298; *Denny* v. *N. Y. Central R. R. Co.*, 13 Gray, 481.

*Davis & Drummond*, for the plaintiffs, cited

*Brackett* v. *McNair*, 14 Johns., 170; *O'Connor* v. *Watson*, 11 Watts, 418; *Medbury* v. *N. Y. & E. R. R. Co.*, 26 Barb., 564; *Henry* v. *S. & M. R. R. Co.*, 14 Ill., 156;

*King* v. *Woodbridge*, 34 Vt., 565; *Ingledew* v. *Northern R. R. Co.*, 7 Gray, 86, 88; *Rae* v. *G. & C. R. R. Co.*, 18 Ill., 488; *Kent* v. *Hudson River Railroad Co.*, 22 Barb., 273; *Lawrent* v. *Vaughan*, 30 Vt., 90; *Sisson* v. *Cleveland & Toledo Railroad Co.*, 14 Mich., 489; *Cushing* v. *Grand Trunk Railroad Co.*, Mass., not reported; *Wilson* v. *Lancashire Railroad Co.*, 99 Eng. Com. Law., 632.

The facts sufficiently appear in the opinion of the Court.

APPLETON, C. J. — The defendants are common carriers. The jury, under instructions, to which no exceptions have been taken, have found that there was unreasonable and unnecessary delay on the part of the defendants in the transportation of the plaintiff's flour, and that he has sustained damage by reason of such delay.

The only question presented in argument relates to the true rule of damage. The defendants deny that they are liable for more than interest on the purchase money, during the delay. The Court instructed the jury that they might take into consideration the decline in the market value of flour between the time when it actually arrived at its place of destination, and when, in the exercise of proper diligence on the part of the defendants, it might have so arrived. By this ruling the defendants were held to remunerate the plaintiff for the decline in the price of flour and the loss arising from their neglect of duty.

In case of the non-performance of a contract of sale, the measure of damage is the value of the article sold, at the time and place of delivery, if the price has been paid; and the difference between that and the contract price, if not paid.

If a common carrier contracts to deliver an article and it is lost, he is liable for its value at its place of destination, at the time of the loss. *Blumenthal* v. *Brainerd*, 38 Vt., 403; 2 Redfield on Railroads, § 151; *Lawrent* v. *Vaughan*, 30 Vt., 90.

When a carrier contracts to deliver an article, and by his

neglect it is not delivered at the time and place when and where, in the due performance of the contract, it should have been delivered, and, at the time of its actual delivery, there is a diminution of its market value, the loss thus arising is held to be the necessary consequence of the carrier's negligence, for which he should be made liable.  The difference between the value at the time of the actual delivery, and that when, in the performance of his contract, it should have been delivered, seems to be recognized as the true measure of damages.  "In cases of this kind," observes THOMAS, J., in *Ingledew* v. *Northern Railroad*, 7 Gray, 88, "the rule of damages seems to be the diminution in value of the goods, as articles of merchandize, at the time of their arrival, by reason of the delay.  What were the goods worth less, at the time of their arrival, than they would have been if they had come without delay, or in the usual course of transportation?"  In *King* v. *Woodbridge*, 34 Vt., 566, the plaintiff, in a case like the present, was held entitled to recover as damages the difference between what he was obliged to sell the property at when it did arrive, and what he would have received at the time it should have arrived, if the defendant had performed his contract.  These views seem to have been adopted in *Henry* v. *S. & M. Railroad Co.*, 14 Ill., 156; *Sisson* v. *Clev. & Tol. Railroad Co.*, 14 Michigan, 489, and in *Rae* v. *G. & C. Railroad Co.*, 18 Ill., 488.

In *Wilson* v. *Lancashire Railway Co.*, 99 E. C. L. 632, WILLIAMS, J., says,—"Two questions of law were raised during the argument on the part of the defendants.  The first was, whether in a case like this, of an action against a common carrier for negligence in not delivering goods entrusted to him within a reasonable time, the consignee has a right to claim in the shape of damages the profit he would have made upon the sale of them, if they had been delivered in proper time.  We are all of opinion he is not.  Then comes the other question, whether he is entitled to recover the difference between the value of the goods to him, if they

had been delivered in proper time, and their value at the time when they were actually delivered. I am of opinion that the consignee is entitled to recover such difference in value." "It is admitted," remarks BYLES, J., in the same case, "that deterioration in quality is to be taken in account in estimating the damage the plaintiff has sustained; it is admitted also, that loss or diminution in the quantity is to be taken into account; and I do not see why a loss·in the exchangeable value of the goods should not also be taken into account." So, in *Smith* v. *N. H. & N. Y. R. R. Co.*, 12 Allen, 531, the damages resulting from a wrongful delay on the part of the carrier were held to be the difference in the market value, between the time when the goods ought to have arrived and when they did arrive at the terminus of the road. Upon a careful examination, we think the weight of authority is decidedly adverse to the rule, as claimed by the learned counsel for the defendants, and that the decline in the market value of an article, between the time when it actually arrived at its place of destination and when, in the exercise of proper diligence on the part of the carrier, it might have arrived there, was a material element proper for the consideration of the jury in ascertaining the actual damages sustained by the plaintiff, and such was the ruling of the presiding justice. *Exceptions overruled.*

KENT, WALTON, DANFORTH and TAPLEY, JJ., concurred.

BARROWS, J.—I concur in overruling the exceptions, but it seems to me that it is laying down the rule of damages too broadly to say that the damages in all such cases should be the difference in the market value between the time when the goods ought to have arrived and when they did arrive. There may be cases where the plaintiff would not really suffer to that extent by reason of the non-delivery. Plainly, he would not, if he had on hand more than he could sell on the falling market.