GLEDHILL WALL PAPER CO. v. BALTIMORE & O. R. CO.

(Supreme Court, Appellate Term.    November 30, 1909.)

1. CARRIERS (§ 105*)—CARRIAGE OF GOODS—DELAY IN DELIVERY—SPECIAL DAMAGES.

Where notice of the special consequences of delay in delivery is given, and forms the basis of the contract of carriage, the carrier is liable for special damages for delay, though their amount cannot be estimated at the time.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 452, 452½; Dec. Dig. § 105.*]

2. CARRIERS (§ 104*)—CARRIAGE OF GOODS—DELAY IN DELIVERY—EVIDENCE.

Evidence as to loss of profits alleged to have been caused by the carrier's delay in delivering samples *held* insufficient to warrant a recovery.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 447; Dec. Dig. § 104.*]

Appeal from City Court of New York, Trial Term.

Action by the Gledhill Wall Paper Company against the Baltimore & Ohio Railroad Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Cravath, Henderson & De Gersdorff (Kenneth B. Halstead and Marvin W. Wynne, of counsel), for appellant.

Shepard, Smith & Harkness (Wm. Mason Smith, of counsel), for respondent.

SEABURY, J.    Plaintiff sues to recover the loss of profit alleged to have resulted from the defendant's failure to deliver within a reasonable time a shipment of wall paper samples made over its road. The breach of the contract of carriage by the defendant was clearly proven. The only question presented for determination is whether the plaintiff established by competent evidence the special damages it has recovered.

It appears from the evidence that the plaintiff sells its product by samples, exhibited either by salesmen or at the factory; that by September 1st of each year the salesmen start selling by sample in different parts of the country, and send the orders which they receive to the plaintiff's New York office; that 80 per cent. of the yearly sales are made during the months of August, September, and October of each year. A few days prior to the shipment of the samples in question the contracting freight agent of the defendant called upon the plaintiff and solicited "sample shipments." The plaintiff's representative told the defendant's contracting agent that he would give the defendant's agent the sample shipments, provided that the freight agent "would give them his personal attention and see that prompt deliveries were made." The freight agent agreed to see that deliveries were promptly made, and "would follow them up with tracers." The plaintiff's representative also told the freight agent that any delay in making deliveries would cause a loss of time and money, as the salesmen would

have to start out on the road as soon as the samples were received, and that the season was very short, and that delay in delivery would result in a loss of business. Three days after this conversation two packages were prepared, one of which was marked "samples" on the outside, and delivered to the defendant, and a bill of lading issued thereon. The bill of lading describes the goods as "one case paper hangings," "samples," and "one trunk crated," and was dated August 18, 1907. The trunk containing the samples was delivered on September 9th, but the case was not delivered until October 9th. One-half of the samples was contained in each package, and the salesman did not get his complete line of samples until October 4th.

The first question to be determined is whether the plaintiff, upon the proof offered, was entitled to recover special damages. I think that the evidence, fairly considered, shows not only that the defendant had notice of the special consequences which might result from delay in making delivery, but that the contract of carriage made at the solicitation of the defendant was especially made, so as to avoid such consequences, and that this fact was not only known to the defendant, but formed the basis of the agreement between the shipper and carrier. Under these circumstances, such special damages as the shipper suffered were recoverable from the carrier. Hadley v. Baxendale, 9 Ex. 341. When notice of such special consequences was given to the carrier, and formed the basis for the contract of carriage, special damages may be recovered, even though the carrier could not at the time have estimated their precise amount. Booth v. Spuyten Duyvil Rolling Mill Co., 60 N. Y. 487, 494. The important consideration upon which the right to recover special damages depends is, not that the extent or amount of such damages are estimated by the parties, but that, when the contract was made, the fact that such special damages might follow a breach was contemplated by the parties. Booth v. Spuyten Duyvil Rolling Mills Co., supra.

The only other question which remains to be determined is whether special damages which the plaintiff has recovered in this case were properly proven. The vice president and treasurer of the plaintiff corporation testified that he received the orders which the salesman sent of the sales which were made from his samples. He also testified to the number of orders which he had received from the sales during the season in which the delay in making the delivery occurred; but no evidence at all was offered to show that the orders received by the witness represented all of the sales which were made during this period. The plaintiff did not call the salesman as a witness, nor was any evidence whatever offered which satisfactorily connected the damages which the plaintiff claims to have suffered with the defendant's breach of its contract. Moreover, there was no evidence—other than mere hearsay—that when the samples reached the salesman he made any effort to sell goods. The evidence upon this branch of the case rests entirely upon the testimony of the vice president and treasurer of the plaintiff, who admittedly was without personal knowledge of the important matters to which he assumed to testify.

The judgment is reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.