LYONS v. GRAND TRUNK RAILWAY CO. OF CANADA.

1. DAMAGES—FREIGHT—DELAY—CARRIERS.
    The damages recoverable against a carrier for unreasonable delay in transporting freight resulting in the deterioration of the goods are the difference between the value of the goods as delivered and the value of the shipment when it ought to have been delivered by the carrier to the consignee.

2. CARRIERS—ABNORMAL CONDITION — MOISTURE—EVIDENCE—NEGLIGENCE—UNREASONABLE TIME—NOTICE.
    Where the railroad company claimed that a consignment of beans contained an abnormal quantity of moisture, and that it had no notice of the condition of the freight and should not be charged with its deterioration during delay in transit, and where it appeared from the testimony that the freight could not be classed as perishable, and beans with the alleged amount of moisture would not ordinarily become damaged under four or five days, that the time required to transport freight between the point of shipment and the destination was about two days, and an unreasonable time had elapsed in making delivery, that
    185 Mich.—27.

plaintiff had no reason to think that the beans would spoil, the record sustained a judgment against the carrier for the price of the beans.

3. SAME—MEASURE OF DAMAGES—MARKET PRICE—EVIDENCE.
   Where the only evidence of market price at the place of delivery was the price at which the goods were sold under plaintiff's contract, and defendant railroad company sold the beans and retained the amount received for them, the measure of damages was properly *held*, by the trial court, to be the contract price at destination at time delivery should have been made.

Error to St. Clair; Tappan, J. Submitted January 15, 1915. (Docket No. 113.) Decided April 6, 1915.

Case by John Lyons against the Grand Trunk Railroad Company of Canada for delayed delivery of a carload of beans. Judgment for plaintiff. Defendant brings error. Affirmed.

*L. C. Stanley* (*W. K. Williams,* of counsel), for appellant.

*Elmer E. Stockwell* (*C. L. Benedict,* of counsel), for appellee.

BIRD, J. Plaintiff, a farmer living near Marine City, sold his crop of beans by sample, in the fall of 1912, to the Michigan Farmers' Elevator Company in Detroit, on the basis of $2 for 71 pounds. On November 19, 1912, he shipped them in 204 bags to the purchaser in Detroit, via the Rapid Railway and defendant's line. The car arrived in defendant's yards in Detroit on November 21st, and the consignee was notified the same day. The consignee paid the freight and ordered the car to be delivered to its elevator, which was situated on defendant's line. Defendant neglected to deliver the car until the afternoon of November 30th. Upon inspection the beans were

found to be heated and musty, and the consignee refused to accept them. The plaintiff was notified, and he at once went to Detroit and conferred with defendant, and through some arrangement (which is not disclosed) the beans were sold by the defendant for $244.80. After deducting the freight charges, it left a balance of $220.52, which it still retains. The plaintiff's action was in tort, counting upon the defendant's failure to observe its common-law duty to transport the beans within a reasonable time. He was awarded a verdict of $738.14. The only question made by the briefs for our consideration is whether the trial court gave to the jury a proper measure of damages.

The trial court in substance instructed the jury that, to entitle plaintiff to recover, they must first find that the delivery of the beans to the consignee had been unreasonably delayed by defendant, and that such delay was the proximate cause of the damage claimed, and in elaboration of the latter instruction he instructed them that, in order to entitle plaintiff to recover, they must find that the beans spoiled after a reasonable time had elapsed for the transportation of them; and that, if they spoiled during such reasonable time, the plaintiff was not entitled to recover. They were further instructed that, if they found that plaintiff was entitled to recover, he would be entitled to recover the contract price at Detroit at the time they should have been delivered.

Counsel are in substantial accord upon the proposition that, whether the action be tort or contract, the measure of damages for delay in transporting goods is the difference between the market value of the property at the time and place at which the delivery should have been made, and the same value when delivery was actually made, but their disagreement arises out of what elements enter into the market value. Defendant insists that, in arriving at market

value, the only thing which may be considered is the difference in price for the same quality of goods, whereas the plaintiff contends that not only the difference in price of the goods may be taken into consideration, but also any deterioration in quality may be considered in arriving at the market value.

The general rule has been stated as follows:

"Where there is a delay for which the carrier is liable, the measure of damages is the difference between the market value of the property at the time and place at which the delivery should have been made, and the same value when delivery was actually made, whether the difference in value was the result of a decline in the market, or of an injury suffered by the goods in consequence of the delayed delivery." 5 Am. & Eng. Enc. of Law (2d Ed.), p. 384,

The case of *Weston* v. *Railway Co.*, 54 Me. 376 (92 Am. Dec. 552), quotes with approval the following:

" 'Then comes the other question, whether he is entitled to recover the difference between the value of the goods to him, if they had been delivered in proper time, and their value at the time when they were actually delivered. I am of the opinion that the consignee is entitled to recover such difference in value.' 'It is admitted,' remarks Byles, J., in the same case, 'that deterioration in quality is to be taken in account in estimating the damage the plaintiff has sustained; it is admitted also that loss or diminution in the quantity is to be taken into account.' "

See, also, *Nettles* v. *Railroad Co.*, 7 Rich. Law Rep. (S. C.) 190, (62 Am. Dec. 409).

We think the foregoing is a proper statement of the general rule, and that the trial court was in no error in including the question of the deterioration of the property as an element of market value, as the proofs tended to show that the deterioration of the beans was caused after a reasonable time had elapsed for their transportation.

The further contention is made that the beans were

in an abnormal condition; that they contained 23 per cent. of moisture, whereas normal beans contain only 17 per cent.; that the rule of liability would apply only to normal beans; and that, before it could be charged with loss or damage to abnormal beans, it should have notice of their condition at the time they were tendered for shipment, the same as any other perishable property. The proofs do not disclose that the beans were in any such condition as would justify a classification of them with perishable property. A witness who appeared to be qualified to speak of such matters testified that beans with 23 per cent. of moisture would not take damage in a closed car under four or five days, and defendant's own proofs showed that the usual time for transporting a car from Marine City to Detroit was two or three days. Furthermore, there is no claim that plaintiff had any knowledge that the beans would be likely to spoil in a closed car after four or five days. If neither had any reason to believe they would spoil after four or five days in a closed car, but in fact they did spoil by reason of the neglect of defendant, it should bear the loss. *Illinois, etc., R. Co.* v. *McClellan*, 54 Ill. 58.

Counsel relies upon an English case to enforce his argument, on the question of notice. In that case a quantity of rags were consigned. The delivery was delayed two weeks beyond the usual time for delivery. The rags were damp when offered for shipment, and as a result of the delay they heated and rotted. The court held that no recovery could be had because the carrier had no notice that the rags were damp and liable to spoil. *Baldwin & Co.* v. *Railway Co.*, Law Reports 9 Q.B. 582. The difference between that case and the one under consideration lies in the fact that proof was made in this case that the injury to the beans occurred after a reasonable time had elapsed for their transportation. If this fact had not been

made to appear, a like result would doubtless have been reached in this case.

Inasmuch as the defendant retains the money for which the beans were actually sold, and for the further reason that the contract price was the only evidence of market price at the place of delivery, we think the measure of damages directed by the trial court was correct.

The judgment will be affirmed.

BROOKE, C. J., and MCALVAY, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.