ARMSTRONG, Appellant, v. CHICAGO, M. & ST. P. RY. CO., Respondent.

(152 N. W. 696.)

(File No. 3699.    Opinion filed May 17, 1915.    Rehearing denied June 21, 1915.)

1. **Carriers—Measure of Damages—Delay in Transportation—Detriment to Owner—Statute.**

   The measure of damages of one shipping an automobile engine to a factory for repair, and who by reason of delay in delivery thereof to the factory, lost the use of the automobile, is determined by Civ. Code, Sec. 2293, fixing, as a measure of damages for breach of contract obligation, "except where otherwise especially provided by law," the detriment approximately caused thereby, or which would probably result therefrom, and is not governed by Sec. 2309, providing, as a measure of damages for freight delay in transportation, the depreciation in intrinsic and market value during the transportation.

2. **Damages, Measure of—Delay in Shipment—Loss of Rental Value—Remote and Speculative Damages.**

   In an action to recover for loss of rental value of an automobile which had been delayed in shipment for repairs, held,

that the damages were not too ·remote and speculative to be recoverable.

3. **Pleadings—Carriers—Delay in Transportation—Action for Damages—Complaint, Sufficiency of—Repair and Subsequent Use of Article, Necessity of Allegation of.**

A complaint alleging plaintiff's delivery of an automobile engine to defendant for transportation for factory repairs, that defendant was notified, that delay in delivery would damage plaintiff, and unreasonable delay in delivery causing plaintiff to lose net rental value of the auto, **held,** insufficient to allege a cause of action under Civ. Code, Sec. 2293, for breach of an obligation on contract, there being no allegation that the engine was being sent for repairs with the intent that it be returned and used, and that defendant was so advised, and that the engine was, in fact, repaired, or that the auto ever was in shape for use again.

Appeal from ¡Circuit Court, Minneahaha County.   Hon. JOSEPH W. JONES, Judge.

Action by C. O. Armstrong against the Chicago, ·Milwaukee & ·St. Paul Railway Company, to recover damages for loss of rental value of an automobile.   From an order ·sustaining a demurrer to the complaint, plaintiff appeals.   Affirmed.

*Jones & Mathews,* for Appellant.

*William. G. Porter, E. L. Grantham,* and *C. O. Bailey,* for Respondent.

(1) Under point one of the opinion, Appellant submitted that:   Sec. 2309, Civ. Code, does not apply; and cited: Jones v. New York & Erie Ry. Co., 29 Barb. 633; Kent v. Hudson River Ry. 22 Barb. 278; 26 Barb. 564.   That Sec. 2293 applies, and cited:   6 ¡Cyc. 449; Hadley v. Baxendale, 9 Exch. 341; Gledhill Wallpaper Co. v. Baltimore & Ohio Ry. Co., 119 N. Y. Supp. 263; Booth v. ¡Spuyten Duyvil Rolling Mill Co., 60 N. Y. 487-494; Griffin v. Colver, 16 N. Y. 490, 69 Am. Dec. 718; Morrow v. Mo. Pac. Ry. Co., (Mo.) 123 S. W. 1039; Sec. 775 a, Second Ed. of Hutchinson's Law of Carriers; Priestly v. Nor. Ind. & Chicago R. R. ¡Co.; Harper Furniture Co. v. So. Express Co., 30 L. R. A. (N. S.) 486, and note.

Respondent cited:   Civ. Code, Sec. 2309.

(2) ·Under point two of the opinion, Appellant cited:   Port Blakely Mill Company v. Sharkey, (U. S.) 42 C. C. A. 329; Midland Valley Railway Company v. Hoffman Coal Company,

91 Ark. 180, 120 S. W. 380; St. Louis, I. M. & S. R. Company v. Lamb, 128 S. W. 1030; Hutchinson Mfg. Company v. Pinch, (Mich.) 51 N. W. 930.

Respondent cited: Howard v. Stillwell & Bierce Manufacturing Company, 139 U. S. 199; Reed Lumber Company v. Lewis, 94 Ala. 626, s. c. 10 So. Rep. 33; Goodell v. Bluff City Lumber Company, 57 Ark. 203; Allis v. McLean, 48 Mich. 428; Rogers v. Bemus, 69 Pa. St. 432; Coweta Falls Manufacturing Company v. Rogers, 19 Ga. 416.

WHITING, J. This is an appeal from an order sustaining a demurrer to a complaint. The demurrer confessed the following facts: Plaintiff delivered to defendant, at Sioux Falls, S. D., for shipment over its lines to an automobile company located outside this state, one certain automobile engine. Defendant received the same as a common carrier, and, in consideration of transportation charges prepaid by plaintiff, agreed to carry same to destination, and deliver same to consignee within a certain fixed reasonable time, to-wit, not over two weeks. Plaintiff notified defendant of the nature of the article he was shipping; that he was engaged in the automobile livery business in Sioux Falls; that any delay in delivery of the engine would greatly damage him, and that he would not ship the engine unless defendant would assure him that it would require no more than two weeks to reach the factory. Defendant did not deliver such engine within a reasonable time, but, through its carelessness and negligence, there was an unreasonable delay of 87 days in such delivery. Plaintiff is and was, at all times mentioned, in the automobile livery business in Sioux Falls. The net rental value, and the value of the use per day of an automobile such as the one of which the engine hereinbefore mentioned was a part, was $9. Plaintiff could have used or rented such automobile, during such period of unnecessary delay in shipment, for $9 per day. Plaintiff suffered damages in the sum of $702.

Respondent demurred upon the ground that the complaint did not state facts sufficient to constitute a cause of action; and it contends that such demurrer was rightfully sustained: (1) Because, in all cases, section 2309, C. C., fixes the measure of damages resulting from a carrier's delay, and this action is not laid within such section; (2) because the damages claimed are too re-

mote and speculative; (3) because the allegations are insufficient to state a cause of action even conceding neither of the above contentions sound.

[1] Section 2309, C. C., is as follows:

"The detriment caused by a carrier's delay in the delivery of freight is deemed to 'be the depreciation in the intrinsic value of the freight during the delay, and also the depreciation, if any, in the market value thereof, otherwise than by reason of the depreciation in its intrinsic value, at the place where it ought to have been delivered, and between the day at which it ought to have been delivered and the day of its actual delivery."

As shown by applant's brief, though we think not sufficiently by his complaint, he bases his right to damages upon' the following facts: He was shipping the engine to the factory for repair; the engine was to be repaired and returned as soon as repaired; it was repaired and returned; he lost the use of his automobile while the engine was away, and lost such use for 87 days through the fault of defendant. It is perfectly clear that his claim for damages cannot be based on section 2309, and this he concedes. Appellant contends that this case comes under section 2293, C. C., which reads:

"For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. No damages can be recovered for a breach of contract, which are not clearly ascertainable in both their nature and their origin."

—and that special damages, such as are claimed in this case, are not "otherwise expressly provided for by this Code." We think appellant right in such contention. It seems clear to us that section 2309, supra, was intended to fix the rules of damage in the case of the ordinary shipment where the carrier has no no notice of facts advising it that delay may cause damages other than those ordinarly resulting from a delay in shipment and of which the carrier is presumed to have notice, namely, depreciation in intrinsic value and depreciation in market value. To hold

otherwise would be to release common carriers from a class of damages for which every other person, natural or artificial, is liable, and it certainly cannot be presumed that it was the intent of the Legislature to thus legislate in favor of a class, and by so doing create a situation that would be most unconscionable in its natural and necessary results. In Priestly v. Northern Ind. & C. R. Co., 26 Ill. 205, 79 Am. Dec. 369, the trial court instructed the jury that in case of a delay in delivery of machinery by a common carrier, the measure of damages was the difference in market value of such machinery at the point of destination at the time it arrived and the time when it should have arrived. Upon appeal the court said:

"The proposition cannot be entertained for a moment, that under a contract to deliver, in a reasonable time, valuable machinery, such as described in the declaration, that the difference in the market value of such machinery at the time it was in fact delivered and when it should have been delivered is all the damage the owner of the machinery is entitled to claim. If this was the measure, there could be no great incentive to carriers to perform promptly a contract for the delivery of such articles, as they are not liable to deterioate in a few days or months. As to perishable articles of fluctuating value, as grain, live stock, and such like, this rule is doubtless the true one, and has been recognized by this court in the case of Sangamon & Morgan County R. R. Co. v. Henry, 14 Ill. 156.

"Where the property to be carried and delivered is not of a perishable nature, and is not a common or ordinary object of sale in market, and subject to its fluctuations, but is designed for a special purpose in a special business, the rule is very different, but in both cases adequate indemnity should be offered the plaintiff for the loss he has sustained. * * *

"In this case the inquiry should have been: What was the value of the use of such machinery in such a factory, for the time it was detained? In other words, what was a reasonable rent for it? For what sum could plaintiffs have hired equal machinery of that description."

[2] That the damages are too remote and speculative to admit of their recovery can hardly be urged with any degree of earnestness in the light of the holding in Hadley v. Baxendale,

9 Exch. 341, and the many cases which have sustained the principle therein announced.   Blendhill Wall Paper Co. v. Baltimore & O. R. Co. (Sup.) 119 N. Y. Supp. 623; Harper Furniture Co. v. Southern Exp. Co., 148 N. C. 87, 62 S. E. 145, 30 L. R. A. (N. S.) 483, 128 Am. St. Rep. 588, and notes; Brownell v. Chapman, 84 Iowa, 504, 51 N. W.249, 35 Am. St. Rep. 326; Griffin v. Clover, 16 N. Y. 489, 69 Am. Dec. 719 and notes; Hutchinson's Carriers (3d Ed.) § 1373; Elliott on Railroads (2d Ed.) § 1731.

[3] But we do not believe the allegations of the complaint sufficient to present the cause of action upon which plaintiff admits he relies.   There was no allegation, and therefore there is no admission, that the engine was being sent for repair with intent that it be returned and used, and that respondent was so advised; nor is there any allegation that such engine was in fact repaired and the automobile ever was in shape for use again.

The order appealed from is affirmed.