LOVELAND & HINYAN CO. *v.* WATERS.

1. CARRIERS—DELAY—DIRECTING VERDICT.

Where plaintiff shipped two carloads of potatoes subject to its order, which had been sold to another party, to whose inspection the potatoes were subject, and the consignment took 9 and 11 days, respectively, to arrive, plaintiff's evidence tending to show that the distance was 600 miles, and the usual time five days, raised an issue for the jury in an action for the failure to transport promptly.

2. SAME—DAMAGES.

The proper rule of damages is the difference between the market value of the property at the time and place at which the delivery should have been made and the same value when delivery was actually made, and where the testimony showed the invoice price to be the same as the market price at the time the potatoes should have arrived, the instruction of the trial court that the damages should be the difference between the invoice price at the time and place of shipment and the market price at destination at date of arrival, was, in effect, in accordance with the rule; defendants were liable, not only for the damages caused by failure to transport promptly, but also for failure to notify plaintiff within a reasonable time of the consignee's refusal to accept the potatoes because of the delay in transportation.

3. SAME—RECEIVER—CONTRACTS—ADOPTION.

And where the potatoes were shipped on the day before the carrier railroad went into the hands of receivers, the cars still being on the lines of the railway, the action would lie against the receivers, who would be held to have adopted the contract.

4. PLEADING AND PRACTICE — OBJECTIONS — DEPOSITIONS — COURT RULES.

Objections made to the form of certain depositions and their return to the court must be made, under Circuit Court Rule 41, before trial.

Error to Kent; Perkins, J. Submitted April 6, 1916. (Docket No. 21.) Decided September 26, 1916.

Assumpsit by Loveland & Hinyan Company, a corporation, against Dudley E. Waters and another, receivers of the Pere Marquette Railroad Company,.for damages for delay in transit of two carloads of potatoes. Judgment for plaintiff. Defendants bring error. Affirmed.

*Parker, Shields & Brown,* for appellants.

*Hall, Gillard & Temple,* for appellee.

BIRD, J. On April 4, 1912, plaintiff delivered to the Pere Marquette Railway Company at Hart two carloads of potatoes, consigned to Clarksburg, W. Va., subject to its own order. The potatoes had been sold to S. C. Watkins & Co. for $1.48 a bushel. The bill of lading provided for notice on arrival to Watkins & Co., and also permitted inspection. One car arrived at its destination on April 13th, and the other on the 15th. Watkins & Co. were notified, but they refused to accept them. The potatoes were subsequently sold for $1.20 a bushel on the Clarksburg market. Plaintiff seeks by this suit to recover the difference between the invoice price and the price for which they were finally sold on the Clarksburg market, on the ground that the defendants failed to transport them within a reasonable time, and on the further ground that they failed to notify plaintiff within a reasonable time after Watkins & Co. refused to accept them. Judgment passed for plaintiff, and defendants assign error on the proceedings of the trial court.

1. Defendants claim they should have had a directed verdict, because of plaintiff's failure to show that the time consumed in transporting the cars was an unreasonable time. The cars were taken by defendants

on their own line from Hart to Toledo. They were then delivered to the Belt Line, and presumably by it delivered to the Hocking Valley or Ohio Central Lines, which in turn handed them over to the Baltimore & Ohio Railway, on which road they reached their destination. The distance traveled was approximately 600 miles. Plaintiff offered testimony that five days was the usual time in which such shipments reached their destination in the Clarksburg territory, and it does not appear to be seriously denied by defendants' testimony. The question as to whether the cars were moved to their destination within a reasonable time was properly left to the jury.

2. Exception is taken to the rule of damages which the court gave to the jury. The court instructed the jury that, if plaintiff were entitled to recover, it was entitled to recover the difference between the invoice price at the time and place of shipment and the market price of potatoes at Clarksburg on the 13th of April. The rule contended for by defendant was the difference between the market value at Clarksburg on April 9th (when they should have arrived) and April 13th (when they did arrive) as to the one car, and April 15th as to the other.

The rule of damages in cases of delayed transportation where the elements of falling markets and deterioration of the property are involved was recently restated by this court in *Lyons* v. *Railway Co.*, 185 Mich. 417 (152 N. W. 88). It was there said:

" 'Where there is a delay for which the carrier is liable, the measure of damages is the difference between the market value of the property at the time and place at which the delivery should have been made and the same value when delivery was actually made, whether the difference in value was the result of a decline in the market, or of an injury suffered by the goods in consequence of the delayed delivery.' 5 Am. & Eng. Enc. Law (2d Ed.), p. 384."

The instruction of the trial court that plaintiff was entitled to recover the difference between the invoice price and the market price at Clarksburg was, in effect, an instruction in accordance with the foregoing rule, because the invoice price was shown by the testimony to be the same as the market price at the time they should have arrived at Clarksburg. Defendants' application of the rule was too narrow as plaintiff claimed, not only for the delay in transportation, but for a failure to notify it within a reasonable time after the cars were refused by Watkins & Co.

3. It appeared that the potatoes were delivered to the defendant railroad company at Hart on April 4th. On April 5th the road went into the hands of the defendant receivers, and, upon the assumption that the cars had left the possession of the railroad at Toledo before the receivers were appointed, defendants argue that this action would not lie against them. We think it is obvious from the testimony that the cars were still in the possession of the railroad when it went into the hands of the receivers, and, assuming that to be the fact, the contract was adopted by them. High on Receivers (4th Ed.), § 323.

4. Several objections are made to the admission of certain depositions which were offered and received. The objections made go to the form of the depositions and their return to the trial court. Such objections should have been made earlier or in advance of the trial. Circuit Court Rule 41. The failure to make the objections in accordance with this rule fully justified the trial court in overruling them.

An examination of the other errors assigned discloses no reversible error.

The judgment must be affirmed, with costs to the plaintiff.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.